**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 412-6725
Fax: (503) 221-1074
          Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, TRUSTEES OF THE WALL AND CEILING INDUSTRY PROMOTION FUND, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| NORTH POINT DEVELOPMENT, LLC, | ) ) ) |
| Defendant. | ) ) ) |

///       ///

Page 1 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel  |  503.221.1074 fax

Plaintiffs allege:

I

**THE PARTIES**

1.      Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund), the Wall and Ceiling Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2.      The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.  The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund have discretionary authority and control over the management of said Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

///      ///

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

3.      The Promotion Fund is a trust fund created pursuant to a trust agreement.  The Promotion Fund is governed by a board of trustees.

4.      The Union is a labor organization with its principal office and place of business in SeaTac, Washington.  The Union is the successor to the Pacific Northwest District Council of Carpenters.

5.      Defendant is an Oregon limited liability company with its principal place of business in Clackamas County. At all times material to this proceeding (July 2017 through April 2018 and May 2019 to date), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## <u>JURISDICTION</u>

6.      The Court has jurisdiction over the First and Third Claims for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund against defendant for violation of the provisions of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. §1132(e)(1) of ERISA.

7.      At all times material to this proceeding (July 2017 through April 2018 and May 2019 to date), a written collective bargaining agreement has existed between the Union and defendant.  The collective bargaining agreement covers employees in an industry affecting commerce and the activities of defendant affect commerce. The Court has jurisdiction over all Claims for Relief brought by each plaintiff against defendant for breach of the collective bargaining agreement pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

Page 3 – **COMPLAINT**

### III

### JOINDER

8.      The obligations of defendant to plaintiffs arise out of the same collective

bargaining agreement.  Common questions of law and fact govern the claims each plaintiff has

against defendant.

### IV

### COMMON FACTS

9.      At all times material to this proceeding (July 2017 through April 2018 and May

2019 to date), defendant has been bound by a written collective bargaining agreement with the

Union.  Under the terms of the collective bargaining agreement, defendant agreed to be bound by

the terms and conditions of the Trust Agreements which created the Trust Funds.  Defendant

agreed to pay fringe benefit contributions on behalf of its employees performing work covered

by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union

dues to the Union at the hourly rates set forth in the collective bargaining agreement. Defendant

agreed to file monthly remittance report forms and to pay its contractually required fringe benefit

contributions to the Trustees of the Trust Funds and union dues to the Union by the 20th day of

the month following the month in which the work was performed by its employees who

performed work covered by the collective bargaining agreement (the "Due Date").

10.     The Trust Agreements which created the Health Fund, Pension Fund, Vacation

Fund, and Local Training Fund provide that, if an employer fails to pay fringe benefit

contributions by the Due Date, the employer is liable for the delinquent fringe benefit

contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of

12% per annum from the Due Date until paid and liquidated damages in an amount equal to 1%

Page 4 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent up to a maximum of 20%.

11.     The Trust Agreement that created the International Training Fund provides that, if an employer fails to pay its fringe benefit contributions by the Due Date, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 1.5% per month, compounded monthly, from the Due Date until paid, and liquidated damages in an amount equal to 20% of the delinquent or late paid fringe benefit contributions, or the amount of interest owed, whichever amount is greater.

12.     The Union is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement, and interest on the delinquent or late paid union dues at the rate of 9% per annum from the Due Date until paid pursuant to ORS 82.010.

## V

## FIRST CLAIM FOR RELIEF

13.     Defendant has failed to file its monthly remittance report forms and pay its fringe benefit contributions and union dues owed for the work months of May 2019 through July 2019, and the time for so doing has expired. Defendant should be required to file said remittance report forms, together with any remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues, and pay liquidated damages on the delinquent fringe benefit contributions.

///        ///

///        ///

///        ///

Page 5 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

14.     The Trust Agreements that created the Trust Funds provide that, if an employer fails to pay its fringe benefit contributions by the Due Date and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover reasonable attorney fees. The Trustees of the Trust Funds are entitled to recover reasonable attorney fees from defendant.

15.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are also entitled to recover reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

## VI

## SECOND CLAIM FOR RELIEF

16.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 15 of their complaint as though fully set forth herein.

17.     Defendant failed to timely pay its fringe benefit contributions and union dues for the months of July 2017 through March 2018. As a result thereof, defendant owes $93.22 in interest to the Union, and owes $1,863.04 in liquidated damages to the Trust Funds.

18.     The Trustees of the Trust Funds are entitled to recover their reasonable attorney fees from defendant pursuant to the terms of the Trust Agreements.

## VII

## THIRD CLAIM FOR RELIEF

19.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund hereby reallege and incorporate paragraphs 1 through 18 of their complaint as though fully set forth herein.

///     ///

///     ///

Page 6 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

20.     As a result of the late payments referenced in paragraph 16 above, defendant owes $1,431.79 in interest to the Health Fund, Pension Fund, Vacation Fund, Local Training Fund, International Training Fund, and Promotion Fund.

21.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are entitled to recover their reasonable attorney fees from defendant pursuant to the terms of the Trust Agreements and provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

## VIII

## FOURTH CLAIM FOR RELIEF

22.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 21 of their complaint as though fully set forth herein.

23.     Defendant has not fully paid its fringe benefit contributions to the Promotion Fund for April 2018, and to the extent defendant paid its April 2018 fringe benefit contributions and union dues, such payments were untimely. As a result, defendant owes the following amounts to plaintiffs: $6.77 in underpaid fringe benefit contributions owed to the Promotion Fund, $28.73 in interest as of August 20, 2019, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions ($6.77) at the rate of 9% per annum from August 21, 2019, through entry of judgment, and $53.57 in liquidated damages.

24.     The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant pursuant to the terms of the Trust Agreements that created them.

25.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

Page 7 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.      On the **First Claim for Relief**, requiring defendant to file its remittance report forms and pay its fringe benefit contributions and union dues owed for the months of May 2019 through July 2019, together with all other remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues, and pay liquidated damages on the delinquent fringe benefit contributions;

2.      On the **Second Claim for Relief**, requiring defendant to pay $93.22 in interest to the Union, and $1,863.04 in liquidated damages to the Trust Funds;

3.      On the **Third Claim for Relief**, requiring defendant to pay $1,431.79 in interest to the Health Fund, Pension Fund, Vacation Fund, Local Training Fund, International Training Fund, and Promotion Fund;

4.      On the **Fourth Claim for Relief**, requiring defendant to pay $6.77 in underpaid fringe benefit contributions owed to the Promotion Fund, $28.73 in interest as of August 20, 2019, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions ($6.77) at the rate of 9% per annum from August 21, 2019, through entry of judgment, and $53.57 in liquidated damages;

5.      Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the

Page 8 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the

payroll examination report, together with liquidated damages, interest, payroll examination fees,

attorney fees and court costs;

6.     Requiring defendant to pay the Trustees of the Trust Funds reasonable attorney

fees;

7.     Requiring defendant to pay plaintiffs' costs and disbursements incurred in this

lawsuit; and

8.     For such further relief as the Court deems just and equitable.

DATED this 3rd day of September 2019.

**BROWNSTEIN RASK, LLP**


/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax